IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIAM DAVIS                                                                                    PLAINTIFF

V.                                                                                          NO. 4:09CV051-P-S

LAWRENCE KELLY, et al.                                                                     DEFENDANTS

REPORT AND RECOMMENDATION

On November 2, 2009, the Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

In his complaint, the Plaintiff stated that in January of 2007, while being transported in an MDOC van from the Sunflower Circuit Court, another vehicle driven by a private citizen ran a stop sign and collided with the MDOC van. The Plaintiff explained that he was restrained in waist chains and leg irons during the transport but that he did not wear a seatbelt. As a result of the crash, the waist chains cut into Davis' back and he sustained a cut on the head. At the *Spears* hearing, the Plaintiff admitted that he received x-rays and other medical treatment the same day as the accident. Throughout the next 20 months, the Plaintiff continued to complain of and seek medical treatment for back pain. An MRI was conducted in December of 2008, which revealed a minor disc bulge and herniation. The Plaintiff was later seen by a specialist, received a cortisone shot and was prescribed daily pain management medication.

The Plaintiff has named only Lawrence Kelly, the Superintendent of MDOC, as a Defendant. At the hearing, the Plaintiff admitted that Kelly had no personal involvement in these events. Rather, the Plaintiff named Kelly only in an attempt to hold the private individual, who ran the stop sign causing the collision, liable for his alleged damages.

## Denial of Adequate Medical Treatment

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the Plaintiff, it is clear that he has not been denied medical care. The Plaintiff admits that he was treated immediately following the accident and was eventually evaluated by a specialist who prescribed daily pain management drug therapy. Though he may be unsatisfied with the treatment he received, the Plaintiff cannot show that the Defendant was deliberately indifferent to a substantial risk of serious harm. The Plaintiff was

examined and treatment was administered. Therefore, the Plaintiff's claim of denial of medical attention is plainly without merit and should be summarily dismissed.[1]

Although the Plaintiff is obviously dissatisfied with the treatment he received, the indisputable evidence in this case simply does not support a claim for 1983 relief. In legal terms, a 1983 claim will not lie because the Plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Alternatively, Kelly cannot be liable absent any personal involvement in the events which gave rise to this civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). The Plaintiff has failed to establish that Kelly had any personal involvement or direct causal connection to this matter–indeed he candidly acknowledged such at the *Spears* hearing. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). As for the private citizen, Section 1983 provides a cause of action against state and government actors. 42 U.S.C. § 1983; *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In the absence of any state or government action, a 1983 claim cannot stand. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242-43 (5th Cir. 1999) (private citizen does not act under color of color of the law); *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995) (elements of a 1983 claim).

---

[1] If Plaintiff's complaint can be liberally read to include a claim for delayed medical attention, it too is equally unavailing given the absence of a obvious serious injury necessitating emergency treatment. *See Gibson v. Shabazz*, No. Civ. A. H-04-3405, 2005 WL 151396 at *13 (S.D. Tex. June 23, 2005) (noting that claims for delayed medical treatment typically involve "life-threatening situations."*); see also Buckley v. Correctional Medical Services, Inc*., 125 Fed. Appx. 98, 2005 WL 600651 (8th Cir. 2005) (20 month delay in scheduling elbow surgery after recommended did not state a 1983 claim delay was due to misunderstanding, non-emergency and not detrimental).

## Conclusion

It is the recommendation of the undersigned, therefore, that Defendant Kelly and the claim against him be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(d).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 9th day of November, 2009.

    /s/ David Sanders
UNITED STATES MAGISTRATE JUDGE